UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHELEY LEN HOKANSON,<br><br>      Plaintiff,<br> v.<br>SHASTA JUAREZ, *et al.*,<br><br>      Defendants. | Case No. 3:25-cv-00025-MMD-CLB<br><br>AMENDED ORDER[1] |

  The Court previously dismissed Plaintiff Cheley Len Hokanson's initial 52-page complaint (ECF No. 1-1) because the complaint and exhibits contained mainly narratives, making it difficult to understand Plaintiff's claims. (ECF Nos. 3, 6.) The Court granted Plaintiff leave to amend. Plaintiff then filed a 54-page first amended complaint, alleging 31 counts. (ECF No. 7 ("FAC").) Before the Court is the Report and Recommendation of United States Magistrate Judge Carla L. Baldwin, recommending that the FAC be dismissed with leave to amend. (ECF No. 8 ("R&R").) Plaintiff filed an objection to the R&R. (ECF No. 9 ("Objection").) As explained below, the Court will adopt the R&R in full and will grant Plaintiff leave to file a second amended complaint.

  This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because Plaintiff filed an objection here, the Court's review is de novo.

---

[1]The prior version of this order concluded with an incorrect deadline for filing an amended complaint. Only the date has been updated in this amended order.

In the R&R, Judge Baldwin recommends dismissal of the FAC, finding that "it is difficult to understand Hokanson's claims and who she is suing for what actions." (ECF No. 8 at 4.) In her Objection, Plaintiff states she generally objects to this finding, but she indicates she "can bring her civil right(s) violation(s) complaint into compliance." (ECF No. 9 at 3.) The Court agrees with Judge Baldwin that the FAC is difficult to understand. A plaintiff can violate the notice pleading requirements of Federal Rule of Civil Procedure 8(a) not only "when a pleading says too little," but also "when a pleading says too much." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citations omitted). Here, the FAC identifies 31 counts in conclusory manner and then describes alleged conduct or conversations in details, making it challenging to discern the nature of Plaintiff's claims. The Court further agrees with Judge Baldwin that Plaintiff should be given leave to amend. And Plaintiff has indicated in her Objection that she can amend to cure the deficiencies identified in the R&R. Accordingly, the Court will adopt the R&R and will give Plaintiff leave to amend.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 8) is accepted and adopted in full.

It is further ordered that Plaintiff's Objection (ECF No. 9) is overruled in part and sustained in part. It is overruled to the extent Plaintiff objects to the recommendation that the first amended complaint be dismissed. It is sustained to the extent Plaintiff agrees with the recommendation that she be given leave to amend.

It is further ordered that Plaintiff's first amended complaint (ECF No. 7) is dismissed without prejudice and with leave to amend.

///

///

///

///

///

It is further ordered that if Plaintiff chooses to file an amended complaint curing the deficiencies in her first amended complaint, as outlined in the R&R, she must file her amended complaint on or before June 20, 2025. If Plaintiff chooses not to file an amended complaint, this action may be dismissed for failure to state a claim.

DATED THIS 21st Day of May 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE