UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHELEY LEN HOKANSON, | Case No. 3:25-cv-00025-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| SHASTA JUAREZ, *et al.*, | |
| Defendants. | |

The Court previously dismissed Plaintiff Cheley Len Hokanson's initial 52-page complaint (ECF No. 1-1) because the complaint and exhibits contained mainly narratives, making it difficult to understand Plaintiff's claims. (ECF Nos. 3, 6.) The Court granted Plaintiff leave to amend. Plaintiff then filed a 54-page first amended complaint, alleging 31 counts. (ECF No. 7 ("FAC").) The Court dismissed the claims in the FAC and granted Plaintiff leave to file a second amended complaint. (ECF No. 14.) Plaintiff filed a second amended complaint (ECF No. 18 ("SAC")), alleging 55 counts. Before the Court is the Report and Recommendation of United States Magistrate Judge Carla L. Baldwin, recommending that the SAC be dismissed with leave to amend. (ECF No. 21 ("R&R").) Plaintiff filed an objection to the R&R. (ECF No. 22 ("Objection").) As explained below, the Court will adopt the R&R in full and will grant Plaintiff leave to file a third amended complaint.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because Plaintiff filed an objection here, the Court's review is de novo.

Judge Baldwin recommends dismissal of the SAC because Plaintiff still fails to comply with Fed. R. Civ. P. 8(a)'s requirement to state "a short and plain statement of the claim showing that the pleader is entitled to relief." (ECF No. 21 at 6-8); Fed. R. Civ. P. 8(a). The SAC states a list of allegations in chronological order and then asserts claims of constitutional violations for each alleged action against the individual defendants. The Court agrees with Judge Baldwin' finding that in its current iteration, the SAC "would not give the named defendants fair notice of the claims against them." (*Id.* at 4.) In light of Plaintiff's pro se status, the Court agrees with Judge Baldwin that Plaintiff should again be given leave to amend. Accordingly, the Court will adopt the R&R and will give Plaintiff leave to amend.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 21) is accepted and adopted in full.

It is further ordered that Plaintiff's Objection (ECF No. 22) is overruled.

It is further ordered that Plaintiff's second amended complaint (ECF No. 18) is dismissed without prejudice and with leave to amend.

It is further ordered that if Plaintiff chooses to file an amended complaint curing the deficiencies in her second amended complaint, as outlined in the R&R, she must file her amended complaint on or before October 6, 2025. If Plaintiff chooses not to file an amended complaint, this action may be dismissed for failure to state a claim.

It is further ordered that Plaintiff's motion for leave to refile corrected second amended complaint (ECF No. 20) is denied as moot.

///

///

///

///

///

///

///

It is further ordered that Plaintiff's motion for writ of mandamus, injunctive relief and protective order (ECF No. 23) is denied as moot because the Court dismisses the claims in the SAC.[1]

DATED THIS 4th Day of September 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] The gist of Plaintiff's motion seems to relate to discovery of documents and materials relating to her claims, which Plaintiff may seek to obtain as part of the discovery process assuming this case proceeds beyond screening.