# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

CHELEY LEN HOKANSON,

    Plaintiff,

v.

SHASTA JUAREZ, *et al.*,

    Defendants.

Case No. 3:25-CV-00025-MMD-CLB

**ORDER ADDRESSING MISCELLANEOUS MOTIONS**

[ECF Nos. 29, 30, 31, 39]

    Before the Court are four motions. Plaintiff Cheley Len Hokanson ("Hokanson") filed three motions: a notice of scrivener's error and motion to correct the docket, (ECF No. 29), and a notice to the Court of clerical error and motion to correct the record, (ECF Nos. 30, 31). The final motion was filed by Defendant Fallon Paiute Shoshone Tribe Business Council (the "Tribal Business Council") on behalf of the remaining Defendants, seeking the Court find Hokanson to be a vexatious litigant pursuant to 28 U.S.C. § 1651 and to impose sanctions under 28 U.S.C. § 1927. (ECF No. 39.) For the reasons stated below, Hokanson's notice of scrivener's error and motion to correct the docket, (ECF No. 29), is denied as moot; Hokanson's notice to the Court of clerical error and motion to correct the record, (ECF Nos. 30, 31[1]), is granted; and, the Council's motion to find Hokanson a vexatious litigant, (ECF No. 39), is denied.

**I.    Hokanson's Motions**

    The Court will first address the motions filed by Hokanson. Hokanson's first request to correct the docket seeks the Court amend the docket entry for her Third Amended Complaint ("TAC"). (ECF No. 29.) In the motion, Hokanson states Defendant Juarez was not listed in the docket text as a Defendant named in the TAC and therefore seeks to have Juarez's name added to the docket entry. (*Id.*) However, the docket entry

---

[1]    ECF Nos. 30 and 31 are identical.

now lists Shasta Juarez as the first defendant. (ECF No. 27.) The text for the TAC's docket entry now reads, in full:

> THIRD AMENDED COMPLAINT with Jury Demand against Shasta Juarez, David Blackeye, Edwin Conway, Krystina Dalton, Lynette Fisherman, Robert Griggs, Andrew Hicks, Phillip Johnson, Vicki Moyle, Barry Starks, Cathi Tuni, Kae Ward by Cheley Len Hokanson. Removes parties. (Attachments: # 1 Civil Cover Sheet) (DLS) *Modified on 10/6/2025 to add party* (DLS). (Entered: 10/06/2025)

(ECF No. 27 (emphasis added).)

The notes in the docket text show that the entry was modified on October 6, 2025, the same day the TAC was filed, to add a party. From this, the Court infers that the Court Clerk recognized that Juarez was omitted from the entry and edited the entry to add her name. Juarez's name is thus currently listed on the docket entry and consequently Hokanson's first motion to correct the docket, (ECF No. 29), is denied as moot.

As to the second request, Hokanson asks the Court to correct the record to show that she filed her TAC before filing her motion for temporary restraining order, (ECF No. 25), and preliminary injunction, (ECF No. 26). (ECF Nos. 30, 31.) Hokanson states that because the TAC was filed after the motions for injunctive relief, "the incorrect sequence creates confusion in the record" because the motions are predicated on claims in the TAC. (*Id.*) Hokanson asks the Court to correct the docket or, in the alternative, "officially note for the record the timeline of submission and filing."

The notice to the Court of clerical error and request for correction of the record, (ECF Nos. 30, 31), is granted to the extent that the Court notes that the TAC was submitted to the Court before the motions for injunctive relief, although the TAC appears on the docket after the motions for injunctive relief.

II.     **TRIBAL BUSINESS COUNCIL'S MOTION**

The Court now turns to the Tribal Business Council's motion for the Court to find Hokanson to be a vexatious litigant under 28 U.S.C. § 1651, including issuing a pre-filing injunction, and to impose sanctions under 28 U.S.C. § 1927. (ECF No. 39.) Hokanson opposed the motion, (ECF No. 40), and the Council did not reply. The Court will first

address whether Hokanson should be deemed a vexatious litigant before turning to whether sanctions are available under 28 U.S.C. § 1927.

### A. Vexatious Litigant

A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)). Because a pre-filing order implicates a litigant's right of access to the courts, the court should enter such an extreme remedy "only after a cautious review of the pertinent circumstances." *Id.* Prior to entering a pre-filing order, the court must give the litigant notice and an opportunity to be heard. *Id.* (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).

The court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id.* "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed.'" *Id.* at 1059 (quoting *De Long*, 912 F.2d at 1147). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148. To determine whether the litigant's conduct is frivolous or harassing, the court evaluates "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id.* (quotation omitted). "Litigiousness alone is not enough, either: The plaintiff's claims must not only be numerous, but also be patently without merit." *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1064 (quoting *Molski*, 500 F.3d at 1059) (internal quotations and citations omitted).

Finally, a pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1148 (quotation omitted). A pre-filing order is overbroad if it prevents the litigant from filing any suit in the court or applies to a suit against anyone when the record showed the plaintiff was litigious with respect to only one group of defendants. *Id.* at 1061.

Whether to enter a pre-filing order against a vexatious litigant lies within the court's discretion. *Id.* at 1056. When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered." *Id.* at 1147-48.

To support their request to find Hokanson a vexatious litigant, the Tribal Business Council points to Hokanson's numerous filings on the docket, including her multiple attempts to file a sufficient complaint. (ECF No. 39.) The Council also points to the multiple extensions of time Hokanson has been granted to refile her complaints and the fact that Hokanson has objected to Reports and Recommendations issued in this case. (*Id.* at 5.)

In opposition, Hokanson argues her filings are not vexatious, but rather are "good-faith attempts by a citizen, without legal counsel, to navigate federal procedure and hold officials accountable for their actions." (ECF No. 40 at 2.) Hokanson also points out that she has filed multiple complaints in this case because she was following the Court's instructions to do so. (*Id.*)

Based on the record before the Court, the Council is seeking that Hokanson be deemed a vexatious litigant based solely on the instant case. As an initial matter, a single case is far fewer than what other courts have found "inordinate." *Ringgold-Lockhart*, 761 F.3d at 1064-65 (collecting cases). In *Ringgold-Lockhart,* the Ninth Circuit explained that "[w]hether a litigant's motions practice in two cases could ever be so vexatious as to justify imposing a pre-filing order against a person, we do not now decide. Such a situation would at least be extremely unusual, in light of the alternative remedies available to district judges to control a litigant's behavior in individual cases." *Id.* at 1065.

In reviewing Hokanson's motion practice in the instant case, her conduct does not reach the level of the "extremely unusual" situation described by the Ninth Circuit. While

Hokanson has submitted numerous filings to the docket, that in and of itself does not amount to "flagrant abuse of the judicial system." *De Long*, 912 F.2d at 1148. Additionally, as to Hokanson's filing of multiple amended complaints, the Court *expressly* gave her leave to do so. (*See* ECF Nos. 6, 14, 24.) It would be nonsensical to find a plaintiff to be vexatious based partly on her filings of amended complaints *with leave of court* to do so. The same is true for Hokanson's objections to the Court's Reports and Recommendations, which are expressly allowed by 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice.

Further, as indicated in the Court's Report and Recommendation screening Hokanson's Third Amended Complaint, the undersigned recommends that Hokanson be allowed to proceed on eight claims. (ECF No. 41.) Thus, the Court cannot determine at this juncture that her claims are "patently without merit." *Ringgold-Lockhart*, 761 F.3d at 1064.

Therefore, the record before the Court is inadequate to support a finding that Hokanson is a vexatious litigant and for the entry of a pre-filing order and the Court will not exercise its inherent authority. The Tribal Business Council's motion, (ECF No. 39), is therefore denied as to the request to deem Hokanson a vexatious litigant.

**B.    Sanctions Under 28 U.S.C. § 1927**

The Tribal Business Council next seeks the imposition of sanctions against Hokanson under 28 U.S.C. § 1927. (ECF No. 39.) 28 U.S.C. § 1927 states the following:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Ninth Circuit has held that section 1927 sanctions may be imposed upon *pro se* plaintiffs. *Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990); *accord Harrell v. Hornbrook Community Svcs. Dist.*, 778 Fed. Appx. 472 (9th Cir. 2019) (citing *Wages* in support of affirming award of sanctions under § 1927 against a pro se litigant).

However, in this case, there is not sufficient conduct to find that Hokanson has multiplied the proceedings in this case "unreasonably and vexatiously." Other than to file the instant motion, Defendants have not been required to expend resources defending this case because the Court previously dismissed Hokanson's complaints without ordering service. Based on the lack of evidence provided in support of its motion, the Tribal Business Council itself appears to have made an unreasonable filing. The Court therefore also denies the Tribal Business Council's motion as to the request for sanctions.

### III.    CONCLUSION

**IT IS THEREFORE ORDERED** that Hokanson's notice of scrivener's error and request to correct the docket, (ECF No. 29), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Hokanson's notice to the Court of clerical error and request to correct the docket, (ECF Nos. 30, 31), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Tribal Business Council's motion to deem Hokanson a vexatious litigant and for sanctions, (ECF No. 39), is **DENIED**.

**DATED**: November 17, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**