**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

CHELEY LEN HOKANSON,

Plaintiff,

v.

SHASTA JUAREZ, *et al.*,

Defendants.

Case No. 3:25-CV-00025-MMD-CLB

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE**

[ECF Nos. 44, 45]

Before the Court is Plaintiff Cheley Len Hoaknson's ("Hokanson") motion for leave to file her untimely notice of related cases, (ECF No. 44), as well as a notice of clarification, (ECF No. 45). In her motion for leave, Hokanson states she did not file her notice of related cases sooner because, as a *pro se* litigant, she was unfamiliar with the Local Rules. (ECF No. 44 at 1.) Upon learning that she needed to file a notice of related cases, however, she filed the instant motion. The Court finds this constitutes excusable neglect and grants Hokanson's motion for leave.[1] (ECF No. 44.)

As to Hokanson's notice for clarification, Hokanson states the attachments to her motion for leave were improperly docketed. (ECF No. 45.) Hokanson did not intend to have the different attachments filed as separate exhibits. (*Id.*) Rather, she intended it to be filed with only on exhibit, Exhibit A, with a notation that Exhibit A has additional exhibits appended to it. (*Id.*) The Court finds this issue is moot because the attachments at issue are not required for a notice of related cases.

---

[1]    The Court notes that Hokanson cites to Nevada Local Rule 7-2.1 as the rule requiring a notice of related cases. However, the Local Rule requiring a notice of related cases to be filed in a civil action is Local Rule 42-1. It appears Hokanson may be relying on a Nevada state court local rule, or on Local Criminal Rule 7-2, which requires the Government to notify the Court of other cases arising from the same events or involving the same defendants. Either way, Hokanson is reminded that this is a civil case in federal court, and so she should familiarize herself with the Local Rules for the District Court of Nevada that govern civil litigation in federal court.

Local Rule 42-1 requires only that the notice contain "the title and case number of each possibly related action" and "a brief statement of their relationship." The hundreds of pages Hokanson filed are therefore superfluous and the notation on the docket is immaterial. Furthermore, aside from being unnecessary, Hokanson's voluminous filings are inappropriate. The Court's docket is not a repository for miscellaneous documents a litigant may believe to be relevant for some reason or another. Hokanson is cautioned that such voluminous filings in the future may result in the filings be stricken and/or sanctions being imposed. The Court has taken notice of the related tribal court case and no further filings on the matter will be accepted.

Finally, the Court reminds Hokanson that filing notices on the docket is inappropriate absent an order from the Court to do so. When Hokanson wants the Court to take a particular action, she must file a properly supported motion in accordance with the Local Rules.

**I.     CONCLUSION**

**IT IS THEREFORE ORDERED** that Hokanson's motion for leave to file late notice of related cases, (ECF No. 44), is **GRANTED**.

**IT IS FURTHER ORDERED** that Hokanson's notice of clarification, (ECF No. 45), to the extent it is requesting Court action, is **DENIED AS MOOT**.

**DATED**: February 20, 2026 .

_____
**UNITED STATES MAGISTRATE JUDGE**