UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHELEY LEN HOKANSON, | Case No. 3:25-cv-00025-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| SHASTA JUAREZ, *et al.*, | |
| Defendants. | |

## I.    SUMMARY

*Pro se* Plaintiff Cheley Len Hokanson asserts claims against several Fallon Paiute Shoshone tribal officers under 42 U.S.C. § 1983.[1] After screening under 28 U.S.C. § 1915(e)(2), the Court dismissed three prior complaints with leave to amend. (ECF Nos. 6, 14, 24.) Plaintiff then filed her Third Amended Complaint. (ECF No. 27 ("TAC").) Before the Court is the Report and Recommendation of United States Magistrate Judge Carla L. Baldwin, recommending that Plaintiff be permitted to proceed on the majority of claims in the TAC, that certain claims be dismissed, and that Defendants Robert Griggs and Barry Stark be dismissed from this case. (ECF No. 41 ("R&R").) Plaintiff filed an objection to the R&R. (ECF No. 43 ("Objection").) As explained below, the Court will adopt the R&R in full and will overrule Plaintiff's Objection. The Court will further deny Plaintiff's motions for a temporary restraining order and for preliminary injunction. (ECF Nos. 25, 26 (collectively, "TRO Motion").[2])

[1]Defendants are Shasta Juarez, Robert Griggs, David Blackeye, Krystina Dalton, Kae Ward, Barry Stark, Cathi Tuni, Andrew Hicks, Lynette Fischerman, Phillip Johnson, Vicki Moyle, and Edwin Conway. (ECF No. 27 at 1.)

[2]Defendants responded (ECF Nos. 33, 34) and Plaintiff filed a reply (ECF No. 35). Plaintiff also filed a motion to admit exhibits in support of her reply brief (ECF No. 36). Notably, the Court has not permitted this case to proceed yet so summons have not been

## II.    BACKGROUND[3]

Plaintiff's claims arise out of an incident that occurred on January 13, 2024 ("the Incident"), during her visit to a family home on the Fallon Paiute Shoshone ("the Tribe") Reservation, where Defendant Juarez allegedly used excessive force against Plaintiff for "lawfully recording" Juarez's actions and "questioning her authority." (ECF No. 27 at 1.) Juarez's supervisor, Griggs, allegedly retaliated against Plaintiff. (*Id.* at 2.) Plaintiff subsequently tried to obtain public records of the Incident but Griggs and Blackeye, the Tribal Police Chief, and the Fallon Paiute Tribal Business Council presented obstruction. (*Id.* at 2-7.) Plaintiff also alleges retaliation and obstruction of access to the courts against Defendants who are connected to the Tribal Court when she tried to file an eviction notice on her step-grandson. (*Id.* at 5-6).

The TAC alleges eleven claims for relief against Defendants who are associated with the Tribal Police, Tribal Court and Tribal Business Council.[4]  (ECF No. 27.) After screening the TAC under 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommends allowing most claims to proceed and dismissing some claims and Defendants. In particular, the Magistrate Judge recommends the following claims be allowed to proceed:

- • Claim 1 for Fourth Amendment excessive force for compensatory damages, punitive damages, declaratory relief, and injunctive relief against Juarez in her individual capacity and only declaratory and injunctive relief in her official capacity;
- • Claim 2 for Fourth Amendment unlawful seizure of a person for compensatory damages, punitive damages, declaratory relief, and injunctive relief against Juarez in her individual capacity and only declaratory and injunctive relief in her official capacity;

issued. The Court will adopt the Magistrate Judge's recommendations as to issuance of summons and service of the TAC on Defendants who are not dismissed.

[3]The Court adopts the Magistrate Judge's summary of background facts, including the factual allegations relevant to specific claims. (ECF No. 41 at 3, 4-5, 12-14, 16, 21.)

[4]Defendants associated with the Tribal Police are: Juarez, officer; Griggs, a Sergeant; and Blackeye, Chief of Tribal Police. (ECF No. 27 at 2.) Defendants associated with the Tribal Court are: Dalton, Tribal Court Clerk; Ward, Chief Tribal Court Clerk; Stark, Chief Tribal Judge. (*Id.* at 2-3.) The remaining Defendants are members of the Tribal Business Council. (*Id.* at 3.)

- Claim 3 for First Amendment retaliation for lawful recording for compensatory damages, punitive damages, declaratory relief, and injunctive relief against Juarez in her individual capacity and only declaratory and injunctive relief in her official capacity;

- Claim 4 for First Amendment retaliation for protected speech for compensatory damages, punitive damages, declaratory and injunctive relief against Juarez in her individual capacity and only declaratory and injunctive relief in her official capacity;

- Claim 5 for Fourth Amendment unlawful seizure of property for compensatory damages, punitive damages, declaratory and injunctive relief against Juarez in her individual capacity and only declaratory and injunctive relief in her official capacity;

- Claim 8 for First Amendment retaliation for protected speech for compensatory damages, punitive damages, declaratory and injunctive relief against Dalton and Ward in their individual capacities and only declaratory and injunctive relief in their official capacities;

- Claim 11 for First Amendment denial of access to public records for compensatory damages, punitive damages, declaratory and injunctive relief against Blackeye, and the Tribal Business Council Defendants: Tuni, Hicks, Fisherman, Johnson, Moyle, and Conway in their individual capacities and only declaratory and injunctive relief in their official capacities.

(ECF No. 41 at 25-26.) The Magistrate Judge further recommends the following: Claims 6, 7 and 9 be dismissed without prejudice and without leave to amend;[5] Claim 10 be dismissed with prejudice and without leave to amend; claims against Defendants in their official capacities for compensatory and punitive damages be dismissed without prejudice and without leave to amend; and dismissal of all claims against Defendants Griggs and Stark. (*Id.* at 26.)

## III.    REPORT AND RECOMMENDATION

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the Court is required

---

[5]The R&R's conclusion section includes a recommendation to allow Claim 9 for First Amendment denial of access to courts to proceed against Defendant Dalton. (ECF No. 41 at 25.) However, the R&R's discussion of this claim found that Plaintiff fails to state a claim and recommends dismissal of this claim without prejudice and without leave to amend. (*Id.* at 15-15.) Thus, the R&R's conclusion section's reference to Claim 9 as proceeding is clearly a clerical mistake. As discussed below, the Court will conduct *de novo* review of the recommendation to dismiss this claim.

to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id*. Here, Plaintiff objects only as to the recommendations to dismissal of Claims 6, 7 and 10 without leave to amend and dismissal of claims against Defendants Griggs and Stark.[6] The Court will thus conduct *de novo* review of these recommendations. As noted, the Court additionally reviews the recommendation to dismiss Claim 9 *de novo* even though Plaintiff's Objection does not address this recommendation.

### A. Claim 6

The Magistrate Judge recommends dismissal of Claim 6 for fabrication of evidence in violation of the Fourteenth Amendment because Plaintiff was not charged criminally and therefore cannot establish causation. (ECF No. 41.) "To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.2d 789, 798 (9th Cir. 2017). The second element of causation requires the plaintiff to show that the fabricated evidence was both the actual cause and the proximate cause of plaintiff's injury. *Id.* "As to what constitutes an injury, a § 1983 plaintiff need not be convicted on the basis of the fabricated evidence to have suffered a deprivation of liberty—being criminally charged is enough." *Caldwell v. City and County of San Francisco,* 889 F.3d 1105, 1115 (9th Cir. 2018).

Here, Plaintiff was not criminal charged so even assuming Juarez fabricated evidence to establish the first element, that act did not result in any injury because Plaintiff was not criminal charged or prosecuted. Plaintiff alleges that Juarez handcuffed her, placed her in the patrol vehicle, and after Griggs arrived to assume "supervisory role," he "informed Plaintiff she would not be arrested." (ECF No. 27 at 4-5.) Juarez "ultimately chose to file a criminal complaint against Plaintiff for Obstructing a Public Officer . . . [and]

---

[6]The only adverse recommendation that Plaintiff does not object to involves dismissal of claims against Defendants in their official capacities for compensatory and punitive damages without prejudice and without leave to amend. (ECF No. 41 at 22-24.) The Court agrees with the Magistrate Judge and will adopt this recommendation.

for Resisting a Public Officer, but the Churchill County District Attorney's Office "subsequently declined to prosecute these charges." (*Id.* at 5.) In other words, Juarez may have used false evidence to file a criminal complaint (as Plaintiff alleges), but that conduct did not lead to any action against Plaintiff or result in any actionable "injury" under § 1983 because the prosecutor rejected the complaint by declining to prosecute. Thus, the Court agrees with the Magistrate Judge's recommendation that Plaintiff cannot state a claim for fabrication of evidence.

Plaintiff argues that "the unlawful seizure itself . . . constitutes the necessary deprivation of liberty." (ECF No. 43 at 2.) Plaintiff cites to *Tatum v. Moody,* 768 F.3d 806, 816 (9th Cir 2014) as support. (*Id.*) However, in *Tatum,* the plaintiff was detained for over two years on charges involving a series of "demand-note robberies" of small businesses but law enforcement withheld evidence that similar "demand-note robberies" occurred in the same area and that another individual has confessed to some of those robberies after the plaintiff was detained. 768 F.3d at 809; *see also id*. at 819-20 (limiting the holding to detentions that are "sufficiently lengthy to trigger the narrow due process right at issue here"). The prosecutor dropped the charges after learning of the withheld evidence. *Id. Tatum* is clearly distinguishable because the plaintiff there was charged and prosecuted while Plaintiff here was not charged, let alone prosecuted. *See id.* at 812.

**B. Claim 7**

The Magistrate Judge screened Claim 7 as alleging a First Amendment right to petition and a Fourteenth Amendment deprivation of property without due process. (ECF No. 41 at 13-14.) The factual predicate for this claim relates to Plaintiff's allegations about her request for Juarez's body-camera footage. In particular, Plaintiff alleges on January 17, 2024, when she "made a verbal public records request to Defendant Griggs for the body-worn camera footage from the January 13 incident [,] Defendant Griggs stated that she would have to subpoena the footage." (ECF No. 27 at 5.)  She alleges that Griggs' statement "was intended to and did have the effect of chilling Plaintiff's exercise of her First Amendment right to petition for redress and obtain evidence of misconduct, and it

deprived her of property (the public records) without due process of law under the Fourteenth Amendment." (*Id.* at 9.)

The Magistrate Judge found that Plaintiff has not "sufficiently alleged that her First Amendment right to petition the government was obstructed in this case," finding that her allegations involved denial of the use of a specific item of evidence—Juarez's body-camera footage—and not impeding the access to the court by virtue of her filing this action. (ECF No. 41 at 14.) The Court agrees. Griggs' response may affect Plaintiff obtaining evidence for this case, but Plaintiff has not alleged how his response obstructed her filing this case or any other case. Plaintiff argues in her Objection that Griggs' deliberate misrepresentation of the law by telling "a pro se citizen" that she would need a "subpoena" to obtain a public record "is itself a standalone constitutional violation." (ECF No. 43 at 4.) Plaintiff's citation to *Newt v. Kasper,* 85 F. App'x 37 (9th Cir. 2003) does not support her argument. (*Id.*) That case does not involve a First Amendment right to petition or access to the court. Moreover, in *Newt,* the court of appeals affirmed the district court's finding that the plaintiff failed to state a claim for judicial deception under Section 1983 by making conclusory allegation that the officer "made deliberately false statements or recklessly disregard the truth" in the officer's affidavit. 85 F. App'x at 37-38.

As to the Fourteenth Amendment claim for deprivation of property in claim 7, the Magistrate Judge found that Plaintiff does not allege how or where her property interest in the public records is created. (ECF No. 41 at 20.) In her Objection, Plaintiff argues that Griggs "obstructed Plaintiff's access to a judicial remedy" by "actively concealing evidence of misconduct." (ECF No. 43 at 4.) Again, however, accepting this allegation as true, Griggs' response to Plaintiff's request denied her access to potential evidence, not access to the court or to seeking a judicial remedy.

In conclusion, the Court agrees with the Magistrate Judge as to dismissal of Claim 7.

///

///

## C. Dismissal of Griggs

Plaintiff objects to dismissal of Griggs, arguing that the Magistrate Judge "fails to fully consider Sergeant Griggs' liability as a supervisor." (ECF No. 43 at 5.) However, the only two claims that are brought against Griggs—Claims 6 and 7—will be dismissed so there is no claim remaining against Griggs. Thus, the Court adopts the Magistrate Judge's recommendation to dismiss Griggs from this action.

## D. Dismissal of Claim 9

Plaintiff alleges that "[o]n January 17, 2024, Plaintiff attempted to file an eviction notice on Plaintiff's step grandson at the Tribal Court at the request of the tribal elder who owns the home." (ECF No. 27 at 5.) Plaintiff further alleges that Dalton "arbitrarily refused to accept and file Plaintiff's eviction notice, thereby obstructing her right to access the courts." (*Id.* at 10.) The Magistrate Judge recommends dismissal of this claim in part because as alleged, Plaintiff does not own the property at issue and would not be the individual bringing the eventual eviction suit. (ECF No. 41 at 15.) The Court agrees that Plaintiff cannot show Dalton's refusal to accept the eviction notice results in injury to Plaintiff. To the contrary, Plaintiff alleges she was submitting the notice on behalf of the property's owner. Plaintiff lacks standing to assert Claim 9.

## E. Dismissal of Claim 10 and Stark

Plaintiff alleges in Claim 10 that Stark violated her right to due process when Stark, acting under his authority as the Chief Tribal Judge for the Tribe, issued a one-year protective order against her without notice and an opportunity to be heard. (ECF No. 27 at 10.) The Magistrate Judge recommends dismissal of this claim because Stark's allegations solely relate to Stark's conduct in his judicial capacity, entitling Stark to judicial immunity. (ECF No. 41 at 22.) Plaintiff's Objection argues that Stark did not have subject matter jurisdiction over non-tribal members, and moreover, he is not entitled to immunity when he presided over a "retaliatory case initiated by his own court clerk." (ECF No. 43 at 6.)

It is well established that judges performing judicial functions are immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Here, Plaintiff's allegations of lack of subject-matter jurisdiction and conflict of interest cannot divest Stark of protection from suit when the claim is based on an order he issued in his authority as a Tribal Judge. Accordingly, the Court adopts the Magistrate Judge's recommendation to dismiss Claim 10 with prejudice and without leave to amend.

### F.  Objection to Dismissal Without Leave to Amend

Plaintiff objects to dismissal without leave to amend, contending it would be unfair to dismiss her claims before she has an opportunity to conduct discovery. (ECF No. 43.) However, as noted, the Court has given Plaintiff three chances to assert claims that meet the standards under Federal Rules of Civil Procedure 8 and 12(b)(6). (ECF Nos. 6, 14, 24.) Further leave to amend would require the Court to expend additional resources to screen another proposed complaint and further delay this case, particularly given that the Court will allow the majority of Plaintiff's claims to proceed. Moreover, Plaintiff can still seek leave to amend to assert claims that are dismissed without prejudice to the extent she can cure the deficiencies discussed herein during the course of this case.

### IV.    TRO MOTION

The TRO Motion asks the Court to prohibit Defendants from taking the following general actions: initiating or pursuing charges or citations against Plaintiff for events described in the TAC; excluding Plaintiff from the Tribal lands; taking any adverse action against Plaintiff; and destroying evidence or failing to preserve evidence relating to this case.[7] The TRO Motion asks for certain relief be granted *ex parte* without an opportunity for Defendants to respond.

---

[7]Plaintiff's reply brief expanded on the preliminary relief requested before final disposition of this case on the merits. (ECF No. 35 at 9-10.)

"'An injunction is a matter of equitable discretion' and is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 32 (2008)). To qualify for a preliminary injunction or TRO, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of hardships favors the plaintiff; and (4) that the injunction is in the public interest. *See Winter*, 555 U.S. at 20. Here, Plaintiff does not address how she is likely to success on the merits of the claims in the TAC that the Court has now permitted her to proceed on in any meaningful way. Accordingly, Plaintiff has not demonstrated she is entitled to the extraordinary remedy of preliminary injunctive relief. The Court thus denies the TRO Motion.

## V.    CONCLUSION

The Court notes that Plaintiff made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 41) is accepted and adopted in full.

It is further ordered that Plaintiff's Objection (ECF No. 43) is overruled.

It is further ordered that Plaintiff's Third Amended Complaint (ECF No. 27) may proceed on the following claims as discussed in this order: Claims 1, 2, 3, 4 and 5 against Juarez; Claim 8 against Dalton and Ward; and Claim 11 against Blackeye, Tuni, Hicks, Fischerman, Johnson, Moyle and Conway.

It is further ordered that Claims 6, 7 and 9 are dismissed without prejudice and without leave to amend, and Claim 10 is dismissed with prejudice and without leave to amend.

It is further ordered that Defendants Griggs and Stark are dismissed.

It is further order that all claims against Defendants in their official capacities for compensatory and punitive damages are dismissed without prejudice and without leave to amend.

It is further ordered that Plaintiff's motion to admit exhibits in support of her reply brief (ECF No. 36) is granted.

It is further ordered that Plaintiff's motion for temporary restraining order and preliminary injunction (ECF Nos. 25, 26) are denied.

It is further ordered that the Magistrate Judge's recommendations relating to issuance of the summons and service of the TAC as stated on pages 28-29 (paragraphs 1 through 3) of the R&R are adopted as though fully stated herein. (ECF No. 41 at 28-29.) Both Plaintiff and the Clerk of Court are directed to execute service as outlined in the R&R. (*Id.*)

DATED THIS 3rd Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE