**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

CHELEY LEN HOKANSON,

Plaintiff,

v.

SHASTA JUAREZ, *et al.*,

Defendants.

Case No. 3:25-CV-00025-MMD-CLB

**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS**

[ECF No. 61]

Before the Court is Plaintiff Cheley Len Hokanson's ("Hokanson") motion for extension of time to serve Defendants Shasta Juarez, David Blackeye, Krystina Dalton, Kae Ward, Cathi Tuni, Andrew Hicks, Lynette Fisherman, Phillip Johnson, Vicki Moyle, and Edwin Conway (collectively referred to as "Defendants"). (ECF No. 61.)[1] For the reasons stated below, the Court grants the motion for extension of time to serve Defendants.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 3, 2026, the District Court entered an order accepting and adopting in full this Court's Report and Recommendation regarding Hokanson's Third Amended Complaint (hereinafter "the Order"). (ECF No. 47.) The Order outlined several requirements related to service of the Third Amended Complaint. First, the Order directed Hokanson to furnish the U.S. Marshals Service with the required USM-285 forms in order to serve Defendants within 21 days. (ECF No. 47 at 10 (citing ECF No. 41 at 28).) Additionally, pursuant to Federal Rule of Civil Procedure 4(m), the Order mandated that service be completed within 90 days of the entry of the Order, which is July 2, 2026. (*Id.*) However, the Order expressly stated if Hokanson needed additional time to service Defendants in excess of the 90-day deadline, she could file a motion for extension of time

[1] Defendants responded to the motion, (ECF No. 63), and Hokanson replied. (ECF No. 64.)

under Local Rule 1A 6-1 *before* the expiration of the deadline that is supported by a showing of good cause. (*Id.*)

On April 6, 2026, in accordance with the requirements of the order, Hokanson promptly furnished the U.S. Marshal Service with the required USM-285 forms for Defendants. (ECF No. 48.) However, in filling out the USM-285 forms Hokanson did not explicitly state that Defendants needed to be served in both their individual and official capacities. (*See* ECF Nos. 49-58.) Instead, Hokanson either listed the Defendant's employment address or included the Defendant's home and employment addresses but listed the home address as an alternative place to conduct service. (*See id.*) This resulted in the U.S. Marshal Service completing service upon Defendants only in their *official* capacities by serving the summons on Michelle Welch, the Fallon Paiute Shoshone Accountant, on May 14, 2026. (*Id.*)

Further, the parties do not dispute that Defendants were not properly served in their individual capacities, (*See* ECF No. 61; *see also* ECF No. 63), and the Court agrees. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988) (citing *Micklus v. Carlson*, 632 F.2d 227, 240-41 (3d Cir. 1980) (finding that when attempting to serve a person both in their individual and official capacities, "personal service, and not service at the place of employment, is necessary to obtain jurisdiction over a defendant in his capacity as an individual."). Nevertheless, once Hokanson realized she would need additional time to complete service on the Defendants in their individual capacities, she filed her motion for extension of time on June 29, 2026 – prior to the deadline on July 2, 2026. (ECF No. 61.)

## II. LEGAL STANDARD

To determine if an extension of time to conduct service is appropriate the Court looks to Federal Rule of Civil Procedure 4(m), which states:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows *good cause* for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). The Ninth Circuit has found "good cause" is met after showing the following factors are satisfied: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (citing *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir. 1987)).

## III. DISCUSSION

The Court finds Hokanson has shown good cause warranting an extension of time to conduct service. First, Hokanson states that she has shown good cause because she is acting *pro se* and she unknowingly failed to specify on the USM-285 forms that Defendants needed to be served in both their individual and official capacities. (ECF No. 61 at 2.) Defendants disagree, arguing that Hokanson has not demonstrated good cause because she has extensive litigation experience despite being *pro se* and thus should have known she needed to specify that Defendants needed to be served in both capacities. (*See* ECF No. 63 at 3.)[2] However, the Court acknowledges that its own order did not clarify that Hokanson would need to specify that Defendants needed to be served in both capacities in the USM-285 form. (*See* ECF No. 41.) Furthermore, this is the first instance of this service issue being raised before the undersigned, despite having been on the bench for almost eight years.

Additionally, Hokanson did more than would normally be expected of a *pro se* party, by providing both the home and employment addresses for multiple Defendants. (*See* ECF Nos. 49, 50, 51, 56, 57, 58.) Finally, when the error was realized Hokanson quickly met and conferred with the Defendants in attempt to fix the issue, (*See* ECF No. 61 at 11-12), and promptly filed the instant motion prior to the service deadline. (*See id.*) Thus, Hokanson has shown good cause through her actions alone.

The Court also finds that Defendants will not be prejudiced by the Court extending

---

[2] In support of this argument that good cause is not met, Defendants cites only to authorities from the Eleventh Circuit, (ECF No. 63 at 5), which are not binding on this Court in the Ninth Circuit. *See Hart v. Massanari*, 266 F.3d 1155, 1172-73 (9th Cir. 2001).

the time for the Defendants to be properly served in their individual capacities. (*See* ECF No. 63.) By contrast, the Court finds that Hokanson would be severely prejudiced if her complaint against Defendants in their individual capacities is dismissed. This is because the only claims left would be against the Fallon Paiute Shoshone Tribe ("Tribe") and would require Hokanson to have to prove a policy or practice of the Tribe violated Hokanson's federally protected rights, which is far more difficult than is required against the Defendant's in their individual capacity. *See Romero v. Washoe County*, No. 3:11-CV-00582-LRH-WGC, 2013 WL1955887 (D. Nev. 2013) (citing *Wimberly v. City of Clovis*, No. CIV-03-0871JBKBM, 375 F.Supp.2d 1120 (D.N.M. 2004)). For all of these reasons, the Court finds Hokanson has established good cause warranting an extension of time under the *Boudette* factors. *See Boudette*, 973 F.2d at 756.[3]

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** Hokanson's motion for extension of time to serve the Defendants is **GRANTED**.

**IT IS FURTHER ORDERED** Hokanson is to serve upon Defendants the attached AO 398 Notice of a Lawsuit and Request to Waive Service of a Summons, and if Defendants decide to waive service, they must file the attached AO 399 Waiver of the Service of Summons on the docket to so indicate.

**IT IS FURTHER ORDERED** if Defendants do not accept the waiver of service pursuant to Rule 4(d), without good cause, the Court will impose the expenses incurred in making service through the U.S. Marshal Service and any additional reasonable expenses required to collect those service expenses.

///

---

[3] Before concluding, the Court notes its concern over Defendants' statement that they will "continue to oppose every aspect of [Hokanson's] litigation" and unwillingness to work with Hokanson to alleviate this issue. (ECF No. 61 at 12.) Although Defendants claim Hokanson is wasting tribal resources, unnecessary motion practice – such as the instant motion – wastes not only tribal resources but judicial resources as well. (*Id.*) Thus, the Court encourages the parties to work together in the future to eliminate unnecessary motion practice and waste further judicial resources.

**IT IS SO ORDERED.**

**DATED**: August 6, 2026.

**UNITED STATES MAGISTRATE JUDGE**